IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ASGHAR R. SADRI, | ) | CIVIL NO. 07-00109 SOM/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTO'S MOTION TO |
| vs. | ) | DISMISS |
| | ) | |
| JAMES H. APANA, an | ) | |
| individual; JAMES TAKAYESU, | ) | |
| an individual; JOHN MIN, an | ) | |
| individual; RICHARD MINATOYA, | ) | |
| an individual; ALAN ARAKAWA, | ) | |
| an individual, BRIAN T. MOTO, | ) | |
| an individual; and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING MOTO'S MOTION TO DISMISS

I.       INTRODUCTION.

        This case arises out of a land use dispute.  Since
2001, Sadri and his predecessor-in-interest have been in a
dispute with the County of Maui over the conditions necessary for
the development of land located on Maui, Hawaii.  Sadri now sues
various individuals employed by the County.  On June 27, 2007,
this court filed an order 1) granting James Takayesu's motion to
dismiss (Docket No. 21 filed on May 2, 2007), (2) granting James
Apana's substantive joinder in Takayesu's motion (Docket No. 26
filed on May 4, 2007), (3) granting Richard Minatoya's motion to
dismiss (Docket No. 15 filed on April 30, 2007), and (4) denying
without prejudice Alan Arakawa's motion to dismiss (Docket No. 24
filed on May 2, 2007).  The allegations against Brian Moto are

nearly identical to those against Arakawa.  For the reasons the
court denied Arakawa's motion to dismiss the First Amended
Complaint based on statute of limitations grounds, the court
denies Moto's motion based on the various statutes of
limitations.  The court also denies the motion to the extent it
argues that Sadri insufficiently pleads a RICO enterprise.[1]

II.      ANALYSIS.

        A.    Statutes of Limitation.

        On March 2, 2007, Sadri filed the Complaint in this
matter.  He amended that Complaint on March 8, 2007.  The First
Amended Complaint asserts five claims: Racketeer Influenced and
Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 (Count I);
substantive and procedural due process and equal protection
claims under 42 U.S.C. § 1983 (Count II); a right to injunctive
and declaratory relief (Count III); conspiracy to violate
individual rights (Count IV); and intentional and negligent
infliction of emotional distress (Count V).  Sadri's First
Amended Complaint names six individuals as defendants in their
individual capacities: (1) James Apana, a former Mayor of the
County of Maui; (2) James Takayesu, a former Corporation Counsel
for the County of Maui; (3) John Min, a Director of the County of
Maui Department of Planning; (4) Richard Minatoya, a Deputy

--------

[1]Pursuant to Local Rule 7.2(d), the court decides Moto's
motion without a hearing.

Corporation Counsel for the County of Maui; (5) Alan Arakawa, another former Mayor of the County of Maui; and (6) Brian T. Moto, another former Corporation Counsel for the County of Maui. Sadri's claims against Min, Arakawa, and Moto still remain for adjudication.

On June 27, 2007, this court denied a motion filed by Arakawa that argued that all of Sadri's claims were barred by the applicable statutes of limitations, ruling:

> Because the Amended Complaint contains only general allegations pertaining to Arakawa, this court cannot determine based on those allegations whether Arakawa committed any acts within the appropriate statutes of limitations. At the hearing, Sadri admitted that the Amended Complaint did not clearly allege any act by Arakawa occurring within two years of the filing of the Amended Complaint. Paragraph 72, however, does allege that Arakawa directed Moto to perpetuate allegedly unlawful conduct "throughout the contested case hearing and during a two-year long formal mediation process." It is unclear when the mediation process ended. It is also unclear exactly what actions Arakawa took to continue or perpetuate what Sadri claims was Apana's unlawful conduct. Sadri's counsel's representation at the hearing on the present motions went to the lack of clarity of the allegations in the Amended Complaint. That lack of clarity saves Sadri on Arakawa's present motion, although it may not be sufficient on a fuller record. On this motion to dismiss, the court draws all inferences in Sadri's favor.
>
> The Amended Complaint possibly alleges that Arakawa committed some act within two years of the filing of the Complaint. The court therefore denies Arakawa's motion

> without prejudice to Arakawa's filing of
> another motion on a different record.

Order (1) Granting Takayesu's Motion to 'Motion, (3) Granting
Minatoya's Motion to Dismiss, and (4) Denying Arakawa's Motion to
Dismiss (June 27, 2007) at 20-21.  For the reasons set forth in
that order, Moto's motion to dismiss based on statute of
limitations grounds is also denied.

Paragraph 72 of the First Amended Complaint alleges
that Moto perpetuated allegedly unlawful conduct "throughout the
contested case hearing and during a two-year long formal
mediation process."  It is unclear when the mediation process
ended and exactly what actions Moto took.  Given this lack of
clarity, and because this court must interpret the facts in the
light most favorable to Sadri on the present motion, Moto's
motion to dismiss on statutes of limitations grounds is denied
without prejudice to its refiling on a fuller record.[2]

B.   Sadri Sufficiently Alleges an Enterprise for His
     RICO Claim.

To prevail on his civil RICO claim, Sadri must allege
and prove that the Defendants engaged in (1) conduct (2) of an
enterprise (3) through a pattern (4) of racketeering activity
(known as predicate acts) and, additionally, must establish that

---

[2]In Moto's motion to dismiss, Moto also argues that Sadri's
§ 1985(3) claim should be dismissed because Sadri lacks a viable
§ 1983 claim.  Because this court has determined that, on the
present motion, the statute of limitations does not bar Sadri's
§ 1983 claim against Moto, that argument is not persuasive.

(5) the defendant caused injury to Sadri's business or property.
See Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1086-87 (9th
Cir. 2002); Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996);
see also 18 U.S.C. §§ 1962(c), 1964(c).

Moto argues that Sadri's RICO claim should be dismissed
because the First Amended Complaint fails to sufficiently allege
an "enterprise."  Sadri's RICO claim is based on an associated-
in-fact enterprise, see First Amended Complaint ¶¶ 85-86, which
is a group of persons associated for a common purpose of engaging
in a course of conduct.  Odom v. Microsoft, 486 F.3d 541, 552
(9th Cir. 2007) (en banc) (citing United States v. Turkette, 452
U.S. 576, 583 (1981)); see also 18 U.S.C. § 1961(4).  The
existence of an associated-in-fact enterprise under RICO requires
allegations concerning an ongoing organization, formal or
informal, and evidence that the various associates function as a
continuing unit.  Id.  Sadri alleges that the RICO enterprise
consists of the County of Maui's Mayor, Planning Director, and
Corporation Counsel.  See First Amended Complaint ¶ 86.  Sadri
alleges that the enterprise attempted to control land use and
development on Maui through unlawful means and for improper
purposes, including an attempted extortion of an easement.[3]  Id.
¶¶ 90, 91(16), 93.  These allegations sufficiently allege an

---

[3]On the present motion, the court does not reach the issue
of whether Sadri sufficiently alleges a RICO injury.

associated-in-fact enterprise to survive the present Rule 12(b)(6) motion to dismiss.

In Moto's motion, he construes the alleged RICO enterprise as having the goal of getting former Mayor Apana reelected.  Moto says that, because he did not become Corporation Counsel until 2003, after Apana lost the election, he could not have shared the common goal of getting Apana elected.  This court is not persuaded by this argument, as Sadri's RICO claim is based on an alleged enterprise with a goal that is not limited to getting political figures reelected.  Id. ¶ 90.  Sadri alleges that Moto continued the enterprise by asking for an easement across Sadri's property in return for a building permit and SMA exemption.  Id. ¶ 91(16).  This interference with Sadri's property rights, according to Sadri, "constitutes unlawful coercion, extortion, and wire and mail fraud."  Id. ¶ 93.

III.     <u>CONCLUSION.</u>

Pursuant to Local Rule 7.2(d), this court denies Moto's motion (Docket No. 30) without a hearing based on the reasoning set forth above and in the court's earlier ruling.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 5, 2007.


Susan Oki Mollway
Susan Oki Mollway
United States District Judge


<u>Sadri v. Apana, et al.</u>, Civil No. 07-00109 SOM/BMK; ORDER DENYING MOTO'S MOTION TO DISMISS

7